# TOMASA MARTINEZ DE HERNANDEZ

*v.*

# JUAN BERTRAN ET AL.

COMITY BETWEEN COURTS—SUBPŒNA DUCES TECUM AS TO COURT RECORDS.

Proper judicial comity would dictate that one court should allow another the use of its records, and direct its officers to obey a subpœna duces tecum, when it is shown the original record is material in evidence in a cause pending in the court issuing the subpœna. This should not, however, deprive the court in which the records belong of their necessary use in a pending cause under consideration.

April 18, 1904.

HOLT, Judge, delivered the following opinion:

By virtue of the service of a subpœna duces tecum issued in this case, the clerk of the Humacao insular district court has appeared in this court with certain records of that court, which it is claimed are necessary in evidence in this court. The people of Porto Rico is not a party to this suit. It is urged by brief by the Assistant Attorney General of Porto Rico, acting, as the court may perhaps consider, as *amicus curiæ*, and also representing generally the insular courts of Porto Rico, that this court has no power to compel the production of the records of the insular court, in this court. The use of such a process generally is essential to the very existence of a common-law court; but it is a general rule that a custodian of public documents will not be re-

Martinez de Hernandez v. Bertran.

quired to bring them into court under such a subpœna, if official
copies can be had.   It would obviously be improper that public
records should be removed from the care of their proper cus-
todian or their usual place of deposit whenever they are needed
for use as evidence; and hence their contents may be shown by
a properly authenticated copy.   What the records may prove
may, of course, be shown by the production of the originals
without more, or by a proper copy.   The original is produced
when the cause is in the same court, or it is the subject of pro-
ceedings in a superior court.   Undoubtedly one court should
grant to another the use of its records, and direct its officers to
obey the subpœna duces tecum therefor, whenever it is shown
that the originals are material in evidence in a cause pending
in the court issuing such subpœna.   This is proper judicial
comity.   It cannot be expected, however, that this should ex-
tend so far as to deprive the court, in which the records belong,
of their use if necessary for present consideration, or if the
cause to which they belong has not been finally decided.

The United States court in Porto Rico belongs to one juris-
diction, and the insular courts to another jurisdiction.   Each
is independent within its sphere, but all form one judicial sys-
tem.   This court does not hold that it has the power to deprive
an insular court of its records, or bring them into this court for
use, without the consent of the insular court.   It does not control
them.   It has no power over them.   It does, however, expect
that the insular court will consent to this being done, and permit
its officer to bring them under a subpœna duces tecum from this
court, if they are not in use in the insular court or necessary
for consideration, and the originals are necessary in this court.
In other words, if the records are not necessary for immediate
use, then judicial comity dictates that the officer of the other
court should be permitted to bring them; and this court has no

Martinez de Hernandez v. Bertran.

doubt there would be no objection to it. This court has already permitted some of its records to be taken by its clerk for use in an insular court.

It appears that the records which have been brought to this court by the secretary of the district court of Humacao belong to disposed of cases, save one, which is a criminal proceeding and yet pending on a motion to dismiss; and the fiscal of that court has requested that it be returned as soon as possible. That court has not expressed, so far as is known to this court, any disinclination to let the secretary bring the records; and they are now here, and he expresses a willingness to leave them in charge of the clerk of this court until they have been used, and then to be returned to him.

Under these circumstances said records will so remain until it becomes known to the court in some way that the district court of Humacao is unwilling to permit such use, save it is now ordered that the record of said criminal proceeding be returned to said court or delivered to its secretary.